## Boharas v. Martin et al., Appellants.

*Negligence—Excessive verdict—New trial—Discretion—Abuse of discretion—Practice, Appellate Court and C. P.*

A complaint that a verdict in a negligence case is excessive, is for the court below on a motion for a new trial. In the absence of abuse of discretion by the trial court, the appellate court will not reverse a judgment on such a verdict.

Submitted October 17, 1919. Appeal, No. 105, Oct. T., 1919, by defendants, from judgment of C. P. Allegheny Co., July T., 1918, No. 284, on verdict for plaintiff in case of Max Boharas v. William W. Martin and Elmer Whitehall, partners doing business as Martin-Whitehall Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries.     Before SWEAR-INGEN, J.

Verdict and judgment for plaintiff for $4,000. Defendants appealed.

*Error assigned* was refusal of new trial.

*Harry J. Nesbit,* for appellants.

*I. Grauer, Thomas M. Marshall* and *Thomas M. Marshall, Jr.,* for appellee.

PER CURIAM, January 5, 1920:

It is not questioned that this case was for the jury, and the only complaint of the appellants is of the excessiveness of the verdict. This was for the court below on a motion for a new trial. In refusing it the court said: "The testimony in this case was very conflicting and the case was peculiarly for the jury. Nothing has been suggested that would require us to interfere with the jury's determination of the weight and value of the evidence. We cannot say the verdict is excessive." We have not been persuaded that this was an abuse of discretion, and the appeal is, therefore, dismissed.

Judgment affirmed.